# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JESSE GABRIEL HARDER,

      Plaintiff,

v.

      **FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER**
      Civil File No. 12-663 (MJD/JJK)

REBECCA ELAINE ROBERTS,

      Defendant.

Jonathan E. Fruchtman, Fruchtman Law Office, and Mark Anthony Gray, Gray Law, Counsel for Plaintiff.

Richard G. McGee, Law Office of Richard G McGee, LLC, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on the Order to show cause why Defendant should not be held in contempt. [Docket No. 50] The Court held a hearing in this matter on September 13, 2013. Defendant Rebecca Elaine Roberts failed to appear as ordered. Defendant's counsel did appear on Defendant's behalf. Because Defendant, willfully and in bad faith, has failed to comply with four separate Court orders to appear, after receiving clear notice of the possible

1

sanctions for failing to appear, and Defendant provides no explanation for any of her failures to appear, the Court finds Defendant in contempt, strikes Defendant's Answer from the record, and enters default judgment against Defendant.

## II. BACKGROUND

### A. Factual Background

Defendant Rebecca Elaine Roberts is a member of the Prairie Island Indian Community. Plaintiff Jesse Gabriel Harder is not a member of the Prairie Island Indian Community. While married, Harder and Roberts had three children, all of whom are now minors and members of the Prairie Island Indian Community.

Roberts initiated dissolution proceedings against Harder in the Tribal Court of the Prairie Island Mdewakanton Dakota Community, Court File No. DR-0805-10. Harder asserted that the tribal court did not have jurisdiction over him and initiated dissolution proceedings against Roberts in Minnesota State Court, Dakota County. The tribal court filed its judgment and decree on January 21, 2011. Harder appealed the judgment and decree to the Court of Appeals of the Prairie Island Mdewakanton Dakota Community, which affirmed the trial court's judgment. The Dakota County court then held that the tribal court lacked jurisdiction and entered a judgment and decree in the state case. Roberts did not

appeal the state court judgment. The tribal court's judgment and decree and the state court's judgment and decree materially conflict with one another.

B.  **Procedural History**

On March 15, 2012, Harder filed a Complaint against Roberts in this Court alleging Count One: Declaratory Judgment, Jurisdiction of the Tribal Court; and Count Two: Declaratory Judgment, Comity. Harder requests that this Court declare that the tribal court did not have jurisdiction to enter the judgment and that the judgment was null and void. This Court has jurisdiction to decide the case before it. See Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 324 (2008) ("[W]hether a tribal court has adjudicative authority over nonmembers is a federal question. If the tribal court is found to lack such jurisdiction, any judgment as to the nonmember is necessarily null and void.") (citations omitted).

The parties filed cross motions for summary judgment. Oral argument was set for April 5, 2013. At that hearing, the Court ordered the parties to personally appear, along with their counsel, before Magistrate Judge Brisbois on April 9, 2013 for a special settlement conference. The hearing on the motions for summary judgment was stayed. [Docket No. 31]

3

Defendant failed to personally appear for the April 9 settlement conference. [Docket No. 32] Plaintiff, Plaintiff's counsel and Defendant's counsel did appear. On April 10, Magistrate Judge Brisbois issued an Order to show cause, ordering Defendant to personally appear on April 25, 2013, to show cause why she should not be found in civil contempt of the Court's April 5 Order for failing to appear at the April 9 settlement conference. [Docket No. 33] Magistrate Judge Brisbois further ordered that the parties would engage in a settlement conference on April 25, following the show cause hearing. [Docket No. 34]

On April 25, Defendant again failed to personally appear. [Docket No. 35] Plaintiff, Plaintiff's counsel, and Defendant's counsel did appear.

On May 17, 2013, Magistrate Judge Brisbois issued a new Order to show cause. [Docket No. 37] The Order required Defendant to personally appear before the Court at a date and time to be set and show cause why she should not be judged in civil contempt of both the April 5 and April 10 Orders. On June 4, the Court issued a Notice stating that the contempt issue and the summary judgment motions would be addressed on July 12, 2013. [Docket No. 38] The Notice again reminded Defendant that she was required to be present at the

hearing. The Notice further allowed the parties to file briefs on the contempt issue by June 17, 2013.

By letter dated June 14, 2013, Defendant's attorney informed the Court that Defendant would not contact him, so he could not provide a factual response to the Order to show cause. [Docket No. 40] He continued to represent Defendant in this matter. [Id.]

On July 1, 2013, this Court issued an Order changing the date of the hearing to July 15, and ordering Roberts to personally appear on that date. [Docket No. 42] In that Order, the Court also informed Roberts that it was "considering the entire range of available civil contempt consequences, as well as sanctions for the willful abuse of the judicial process, and/or under Federal Rule of Civil Procedure 16(f), including but not limited to an award of attorneys' fees and costs, monetary fines, and striking Defendant's Answer and entering default judgment against Defendant." (July 1, 2013 Order at 2.) The Court further warned Roberts that, if she failed to personally appear for the July 15 hearing, the Court might "impose sanctions for contempt, for the willful abuse of the judicial process, and/or under Federal Rule of Civil Procedure 16(f)." (Id. at 2-3.) It noted that "[p]ossible sanctions include, but are not limited to, striking

Defendant's Answer and entering of default judgment, monetary fines, and an award of attorneys' fees and costs." (Id. at 3.)

On July 10, counsel for Defendant wrote to the Court to inform the Court that Defendant had been in custody at the Ramsey County Workhouse since June 7, 2013, and would not be released until July 18, 2013. [Docket No. 43] Counsel had talked to Roberts by telephone and she had indicated that she desired to participate in the Court proceedings. Counsel requested that the July 15 hearing be continued until after Roberts' release. The Court granted this request and moved the contempt and summary judgment hearings to September 5, 2013. [Docket No. 44]

On July 17, the Court further ordered the parties to personally appear for a settlement conference on August 13, 2013 before Magistrate Judge Brisbois. [Docket No. 46] The Court's Order clearly warned Defendant that if she failed to personally appear for the August 13 settlement conference, the Court might impose sanctions for contempt, for the willful abuse of judicial process, and/or under Federal Rule of Civil Procedure 16(f). The Order informed Defendant that possible sanctions include, but are not limited to, striking Defendant's Answer and entering default judgment, imposing monetary fines, and awarding

6

attorneys' fees and costs. Plaintiff, Plaintiff's counsel, and Defendant's counsel appeared for the August 13 settlement conference. [Docket No. 47] Defendant failed to appear.

On August 16, Defendant's counsel wrote to the Court to request that the contempt hearing and summary judgment hearing set for September 5 be rescheduled due to a scheduling conflict for Defendant's counsel. [Docket No. 48] The Court granted that request. [Docket No. 49] Thus, the contempt hearing and the summary judgment hearing were then scheduled for September 13, 2013. [Docket No. 49] On August 21, the Court entered a new Order to show cause clearly ordering Defendant to appear to show cause why she should not be found in civil contempt for violating the April 5, April 10, and July 17 Orders and again informing her of the possible consequences for failing to appear, including but "not limited to, striking Defendant's Answer and entering of default judgment, monetary fines, and an award of attorneys' fees and costs." [Docket No. 50]

On September 13, 2013, Plaintiff, Plaintiff's counsel, and Defendant's counsel appeared for the hearing. Defendant did not appear. Defendant's counsel represented that he had twice had contact with her regarding the need to

7

appear for Court proceedings, that during those communications Roberts had assured him that she would appear for the proceedings, and then, without explanation she did not appear. Defendant's counsel represented that he had sent every Court order to Roberts by mail and that he had explained the consequences for failing to appear at the Court proceedings as ordered. Counsel explained that Roberts had simply not assisted him with this case for a long time.

## III. DISCUSSION

### A. Findings Regarding Violation of the Court's Orders

The Court finds that Defendant clearly violated the Court's April 5, 2013 Order [Docket No. 31], April 10, 2013 Order [Docket No. 33], July 17, 2013 Order [Docket No. 46], and August 21, 2013 Order [Docket No. 50]. Defendant violated each of these four orders by failing to personally appear as directed in each order. The Court further finds that each of the four orders is a lawful and reasonably specific court order, of which Defendant had notice.

The April 5, 2013 Order [Docket No. 31] unambiguously ordered Roberts to personally appear before Magistrate Judge Brisbois on April 9, 2013 for a special settlement conference. Defendant failed to personally appear for the April 9 settlement conference. [Docket No. 32]

The April 10, 2013 Order [Docket No. 33] unambiguously ordered Defendant to personally appear on April 25, 2013 to show cause why she should not be found in civil contempt of the Court's April 5 Order for failing to appear at the April 9 settlement conference. [Docket No. 33] On April 25, Defendant again failed to personally appear. [Docket No. 35]

The July 17, 2013 Order [Docket No. 46] unambiguously ordered Roberts to personally appear for a settlement conference on August 13, 2013 before Magistrate Judge Brisbois. Roberts failed to appear as ordered. [Docket No. 47]

The August 21, 2013 Order [Docket No. 50] unambiguously ordered Roberts to personally appear on September 13, 2013 for the contempt hearing. Roberts failed to appear at that hearing.

### B. Willful Violations

The Court finds that Roberts willfully violated the Court's four orders. There is no indication that she was unable to comply with the Court's orders. Although Roberts was in custody at the Ramsey County Workhouse from June 7, 2013, until July 18, 2013, none of the hearings at which she was ordered to appear occurred during that time.

The Court finds that Roberts received notice of the four separate hearings at which she was required to personally appear. All four orders were provided

9

to Roberts' counsel through CM/ECF. Roberts' counsel also represents that he mailed each of the orders to Roberts. Additionally, Roberts' counsel represents that he communicated with Roberts directly regarding at least two of the scheduled settlement conferences, and she assured him that she did plan to appear. On July 10, Roberts informed her counsel that she did want to participate in the court proceedings.

Roberts provides no explanation for her failure to appear at any of the hearings.

The Court has provided Roberts with notice and the opportunity to be heard. Defendant had the opportunity to file a brief on the contempt issue. The Court provided clear notice of the types of sanctions it was considering. The Court provided Roberts with the opportunity to appear at a hearing that had been rescheduled to accommodate both Defendant's and Defendant's counsel's schedules.

Because the Court issued four lawful, unambiguous court orders requiring Roberts to appear; Roberts had notice of all four orders; Roberts completely failed to comply with any of the four orders; and Roberts had the ability to comply with the orders, the Court finds Roberts in contempt of Court.

### C. Appropriate Sanctions

Plaintiff requested that the Court award him the attorney's fees he has incurred in attending the settlement conferences and the show cause hearings and strike Defendant's Answer and enter default judgment against her. After careful consideration, the Court concludes that the requested sanctions are appropriate in this case.

#### 1. Default Judgment

"A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case . . . as a sanction for a party's failure to obey court orders." Smith v. Legg, 24 F.3d 650, 654 (5th Cir. 1994). Such a severe sanction is only appropriate when a party demonstrates "bad faith or willful abuse of the judicial process." Id. (citation omitted). "Bad faith" may be demonstrated by a party "delaying or disrupting the litigation or hampering enforcement of a court order." Primus Auto Fin. Servs. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978)).

The Court also has authority to enter default judgment against Defendant under Federal Rule of Civil Procedure 16(f). This Rule allows for default

11

judgment as a sanction for a party's failure to appear at a scheduling or other pretrial conference.  See Fed. R. Civ. P. 16(f) (permitting sanctions as provided in Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) (including default judgment as permissible sanction against disobedient party).  Such a sanction is appropriate when a party engages in "willful disobedience" of court orders.  In re O'Brien, 351 F.3d 832, 839-40 (8th Cir. 2003).  See also Chrysler Corp. v. Carey, 186 F.3d 1016 (8th Cir. 1999).  This ultimate sanction "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976).

In this case, the Court concludes that Defendant's repeated failures to appear constitute a pattern of bad faith and willful violation of the Court's orders.  Roberts' actions demonstrate a pattern of intentional delay and disobedience of court orders.  Defense counsel spoke with Defendant before at least two of the scheduled settlement conferences and she was aware of the settlement conferences.  She assured counsel that she would appear and then failed to appear without explanation.  On July 10, Roberts told her counsel that

she desired to participate in the court proceedings. Defendant's counsel represented to the Court that he needed Defendant's assistance in order to negotiate at the settlement conferences, but she simply refused to provide it. Similarly, Roberts failed to assist her counsel in preparing for and appearing at the contempt hearing on September 13, 2013.

The Court provided numerous opportunities for Roberts to comply with its orders. It maintained flexibility in rescheduling hearings to accommodate Roberts' and her counsel's schedules. The Court took Roberts' representation that she wished to participate in these proceedings at face value and made every attempt to accommodate her stated desire.

Defendant's decision to flagrantly and repeatedly disregard the Court's orders has caused delay and disruption in the litigation. The Court's directive to discuss settlement has been completely frustrated. There have been several months of delay in the proceedings. Plaintiff has incurred attorney fees in attending multiple settlement conferences due to Defendant's failure to appear. The case cannot proceed when one of the parties – Defendant – absolutely, and without explanation, refuses to obey Court orders or communicate with the Court. This obstructionist behavior is compounded by the fact that Defendant

13

also refuses to communicate or cooperate with her able and diligent counsel, who has ensured that she had both notice and an explanation of the Court's orders. This is not a case in which a pro se party may have misunderstood Court orders or the importance of following those orders. Roberts has the assistance of an excellent attorney who has conducted himself with the highest professional standards in advocating for his client and acting as an officer of the Court.

Defendant's repeated violations of Court orders has burdened the Court and prejudiced Plaintiff. Plaintiff has faced delays in his attempt to resolve this very weighty, time-sensitive, and important case, while the parties' lives and the lives of their children remain in limbo. Plaintiff has had to expend attorneys' fees and time to appear for multiple settlement conferences at which no meaningful negotiations could occur without Defendant.

The Court considered the possibility of lesser sanctions, such as monetary fines or an award of attorneys' fees. However, the Court concludes that, at this point, lesser sanctions would be inadequate. The Court has issued four separate Court orders that Defendant has disobeyed, with the possible sanctions escalating with each willful violation. At this time, the Court concludes that a lesser sanction would be ineffective.

Defendant has had clear and repeated notice of the possibility of default as a sanction. Plaintiff consistently argued that default judgment against Defendant was an appropriate sanction. The Court has repeatedly informed Defendant of the possibility of this sanction in its orders, in an attempt to motivate Defendant to obey the Court's orders. The Court concluded that the prospect of default judgment was necessary to prod this recalcitrant defendant into compliance. The Court's goal was to induce Defendant into complying with the Court's orders. The Court sought to avoid the extreme sanction of default judgment. It repeatedly gave Defendant a second chance and rescheduled the hearings multiple times. However, at some point the Court must enforce its threat. Otherwise, the Court's warning of possible sanctions has no effect in this case or in future proceedings.

The Court is reluctant to issue the extreme sanction of default judgment. This is the rare case in which this sanction is necessary. Therefore, the Court orders Defendant's Answer stricken from the record and enters default judgment.

### 2. Attorneys' Fees

The Court further awards Plaintiff reasonable attorneys' fees incurred in preparing for and attending the settlement conference and for preparing for and attending the contempt hearing. Defendant's pattern of willful disobedience of Court orders is solely responsible for Plaintiff's incurring the attorneys' fees associated with these hearings. The award of these attorneys' fees is justified under the Court's inherent authority. The award is also separately justified under the standard for civil contempt, which has been met here. As the Court has found, by clear and convincing evidence, Roberts had notice of clear and lawful Court orders, violated those orders, and failed to show that she was unable to comply with those orders. See Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000) (noting that civil contempt may be employed "to compensate the complainant for losses sustained").

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Rebecca Elaine Roberts is in contempt of this Court's April 5, 2013 Order [Docket No. 31], April 10, 2013 Order [Docket No. 33], July 17, 2013 Order [Docket No. 46], and August 21, 2013 Order [Docket No. 50].

2. Defendant's Answer [Docket No. 3] is **STRICKEN** from the record.

3. Default judgment is entered against Defendant Rebecca Elaine Roberts and in favor of Plaintiff Jesse Gabriel Harder.

4. Plaintiff's request for declaratory judgment is **GRANTED**: The Court declares that the Judgment and Decree of the Tribal Court of the Prairie Island Indian Community in Minnesota issued in: <u>In Re the Marriage of Rebecca E. Roberts, Petitioner, and Jesse G. Harder, Respondent</u>, Tribal Court File No. DR-0805-10, was made without subject matter jurisdiction and without personal jurisdiction over Plaintiff, and is null and void.

5. Defendant Rebecca Elaine Roberts shall pay monetary sanctions to Plaintiff Jesse Gabriel Harder in the amount of Harder's reasonable attorneys' fees incurred in preparing for and attending the three settlement conferences and September 13, 2013 contempt hearing. Within thirty days from the date of this Order, Harder shall submit a detailed accounting of the attorneys' fees incurred. Roberts shall submit her objections, if any, to the amount of those fees within thirty days from the date Harder files his accounting.

6. Plaintiff's Motion for Summary Judgment [Docket No. 9] and Defendant's Motion for Summary Judgment [Docket No. 15] are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 24, 2013        s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court